| | |
|---|---|
| 1 | PAUL B. SALVATY (State Bar No. 171507) |
| 2 | PSalvaty@winston.com<br>WINSTON & STRAWN LLP |
| 3 | 333 S. Grand Ave., 38th Fl.<br>Los Angeles, CA 90071-1543 |
| 4 | Telephone:  (213) 615-1700<br>Facsimile:   (213) 615-1750 |
| 5 | ABBE DAVID LOWELL (*pro hac vice* forthcoming) |
| 6 | AbbeLowellPublicOutreach@winston.com<br>WINSTON & STRAWN LLP |
| 7 | 1901 L St., N.W.<br>Washington, DC 20036-3508 |
| 8 | Telephone:  (202) 282-5000<br>Facsimile:   (202) 282-5100 |
| 9 | BRYAN M. SULLIVAN (State Bar No. 209743) |
| 10 | bsullivan@earlysullivan.com<br>ZACHARY C. HANSEN (State Bar No. 325128) |
| 11 | zhansen@earlysullivan.com<br>EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| 12 | 6420 Wilshire Boulevard, 17th Fl.<br>Los Angeles, California 90048 |
| 13 | Telephone: (323) 301-4660<br>Facsimile: (323) 301-4676 |
| 14 | Attorneys for PLAINTIFF |
| 15 | ROBERT HUNTER BIDEN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>RUDOLPH W. GIULIANI, an individual, GIULIANI PARTNERS, LLC, a Limited Liability Company, GIULIANI GROUP, LLC, a Limited Liability Company; GIULIANI SECURITY & SAFETY, LLC, a Limited Liability Company, ROBERT J. COSTELLO, an individual, and DOES 1 through 10, inclusive;<br><br>            Defendants. | **Case No. 2:23-cv-8032**<br><br>**NOTICE OF RELATED CASE (L.R. 83-1.3.1)**<br><br>(To be related to Case No. 2:23−CV−07593 HDV (KSx)) |

NOTICE OF RELATED CASE

Pursuant to Local Rule 83-1.3.1, Plaintiff Robert Hunter Biden ("Plaintiff") hereby identifies *Robert Hunter Biden v. Garrett Ziegler, et al.*, Case No. 2:23−CV−07593 HDV (KSx), filed September 13, 2023 (C.D. Cal.) ("the *Ziegler* action") as related to the instant case.

The *Ziegler* action and the instant action are related under Local Rule 83-1.3.1(a) because they "arise from the same or a closely related transaction, happening or event." In both actions, Plaintiff seeks redress for the Defendants having hacked into, tampered with, manipulated, altered, copied and damaged data that they were given that was taken or stolen from Plaintiff's devices or storage platforms, including what Defendants claim to have obtained from Plaintiff's alleged "laptop" computer. In both actions, Plaintiff alleges that, although the precise manner by which the Defendants obtained Plaintiff's data remains unclear, Defendants have, to at least some extent, accessed, tampered with, manipulated, altered, copied and damaged Plaintiff's data, and their actions are illegal, unauthorized and without Plaintiff's consent. In both actions, data that Defendants purport had belonged to Plaintiff appears to have been tampered with, manipulated and altered both before and after Defendants received it and after Defendants began illegally tampering with it themselves. Moreover, Defendant Ziegler might have obtained some of the data that is alleged to have come from the purported "laptop" from an associate of Defendants Giuliani and Costello; and one or more of the Defendants in both cases might have obtained some of the data alleged to have come from the purported "laptop" either directly or indirectly from the same individual, John Paul Mac Isaac.

The *Ziegler* action and the instant action also are related under Local Rule 83-1.3.1(b) because they "call for determination of the same or substantially related or similar questions of law and fact." Plaintiff asserts the same three causes of action against Defendants in each case, including claims for Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1801), Violation of the California Computer Data Access and Fraud Act (Cal. Penal Code § 502), and violation of California's Unfair

1

COMPLAINT AND DEMAND FOR JURY TRIAL

Competition Law (Cal. Bus. & Prof Code §§ 17200, *et seq.*).  Plaintiff seeks identical forms of relief in the *Ziegler* action and the instant action.  Furthermore, to at least some extent, both actions are likely to require documents, deposition testimony and trial testimony from some of the same witnesses who have knowledge concerning the computer-hacking activities at issue in the case.

The Ziegler action and the instant action also are related under Local Rule 83-1.3.1(c) because "for other reasons [the two actions] would entail substantial duplication of labor if heard by different judges."  Both actions arise from interrelated facts and present identical theories of recovery.  Plaintiff submits that the interests of judicial economy and efficiency would be served, and duplication of labor would be avoided, if the same District Judge and Magistrate Judge were to hear the case because similar issues are likely to arise in any motion practice concerning the pleadings, in any disputes concerning the scope and nature of discovery, and with respect to the preparation for and conduct of trial.

In light of the foregoing, Plaintiff respectfully submits that the *Ziegler* action and the instant action are related cases under Local Rule 83-1.3.1.

Dated:  September 26, 2023

Respectfully submitted,

WINSTON & STRAWN LLP

By: _____
Paul Salvaty
Abbe David Lowell
Attorneys for Plaintiff

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By: _____
Bryan M. Sullivan

Zachary C. Hansen
Attorneys for Plaintiff